**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN RIGGI and JOSEPHINE RIGGI, | ) | |
| | ) | No. 2:25-cv-1753-RJC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| LIBERTY MUTUAL INSURANCE and GITA HOLODOVSKAYA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Robert J. Colville, United States District Judge

Before the Court is a Motion to Dismiss (ECF No. 22) filed by Defendant Gita Holodovskaya ("Defendant"). Defendant moves to dismiss all counts against her in the Amended Complaint (the "Complaint," ECF No. 9) filed by Plaintiffs John Riggi and Josephine Riggi ("Plaintiffs"), arguing that Plaintiff failed to state a claim upon which relief can be granted. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The Motion has been fully briefed and is ripe for disposition.

## I. Factual Background & Procedural History

In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

Until July 19, 2025, Plaintiffs had automobile coverage insurance provided by AAA. ECF No. 9 ¶ 7. Under the terms of their AAA policy, "Plaintiffs had $250,000 of uninsured motorist coverage and underinsured motorist coverage, stacked for a total of $750,000 in coverage," and "$10,000 in medical benefits coverage." *Id.* ¶¶ 8–9.

In March 2025, Defendant, an insurance broker, contacted Plaintiffs to sell them automobile insurance coverage from co-defendant Liberty Mutual Insurance. *Id.* ¶ 10. Defendant advised Plaintiffs that if they switched to Liberty Mutual, they would pay less and maintain the same coverage. *Id.* ¶ 10; 28(b)–(c). Based upon these representations, Plaintiffs switched from AAA to Liberty Mutual for their auto insurance coverage. *Id.* ¶ 13. During their initial discussions and negotiations of terms, Defendant never informed Plaintiffs that the final documents she would send them to sign to secure coverage would not include uninsured motorist coverage ("UM Coverage") or that their medical benefits coverage would be lowered from $10,000 to $5,000. *Id.* ¶ 11.

In July 2025, Plaintiff John Riggi was struck by a motorist, sustaining serious injuries to his neck, back, and shoulders, and a concussion. *Id.* ¶¶ 18–20. The driver fled the scene and was never identified. *Id.* ¶ 19. When Plaintiffs attempted to file an uninsured motorist claim with Liberty Mutual, they found that they were not covered.

On October 6, 2025, Plaintiff filed an action against Defendant for Negligence, Negligent Misrepresentation, Negligent Procurement of Insurance, Negligence per se, Bad Faith, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "CPL") in the Court of Common Pleas of Greene County. On November 11, 2025, Defendant Liberty Mutual Personal Insurance Company properly removed the case to Federal court on diversity grounds. On December 2, 2025, Plaintiffs filed an Amended Complaint. On January 30, 2026, Defendant filed the present Motion to Dismiss, along with a Brief in Support (ECF No. 23). On February 18, 2026, Plaintiff filed a Response (ECF No. 25) in opposition to the Motion to Dismiss. On February 25, 2026, Defendant filed a Reply (ECF No. 26) to Plaintiff's Response. And on February 27, 2026, Plaintiffs filed a Reply (ECF No. 27) to Plaintiff's Reply.

## II. Legal Standard

Defendant moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The Third Circuit explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. Discussion

Defendant moves to dismiss the claims against her on the grounds that Plaintiffs failed to state a claim upon which relief can be granted.

### A. The Evidence in the Filings v. the Allegations in the Complaint

Defendant argues that Plaintiff's filings contradict the allegations underlying the claims against Defendant. Count I - Negligence, Count II - Negligent Misrepresentation, Count III -

Negligent Procurement of Insurance, and Count V - Negligence per se are all predicated on the allegation that Defendant assured Plaintiffs that their coverage would not change by switching to a Liberty Mutual policy, did not provide adequate explanation of UM Coverage, and failed to secure a knowing waiver of UM Coverage from Plaintiffs. Count IV - Bad Faith, is predicated on allegations that Defendant "misrepresented facts or policy or contract provisions" relating to Plaintiffs' coverage. And Count VII - the PUTPCP violation claim, is predicated on allegations that Defendant engaged in deceptive and unfair conduct. The Policy Application, however, clearly indicates that UM Coverage would not be included in the policy, and it further contains Plaintiffs' acknowledgments that they "read and understand the Applicant Authorization and Acknowledgement as well as validated information on all pages of the application." ECF No. 28-2 at 1–3. Plaintiffs acknowledged that "this form shall be the basis of the contract should a policy be issued." *Id.* at 3. Further, Plaintiffs filed with the Court a signed Pennsylvania Uninsured Motorists Coverage option form, which indicate Plaintiffs' knowledge of their lack of, and indeed explicit rejection of, UM Coverage. ECF No. 21-2 at 39. Because Plaintiffs explicitly claimed to understand the terms of the new policy and were clearly aware that the new policy would lack UM Coverage, argues Defendant, they cannot reasonably claim that Defendant was negligent in not providing adequate explanation or securing adequate waiver.

As such, Defendant advances a sensible, but nonetheless, ultimately overly broad, argument for dismissal, particularly in relation to the issue of the appropriate application of justifiable reliance to each of the causes of action. In this respect, and in the absence of more specific argument addressing the specific elements of each cause of action, the Court is overall unconvinced by Defendant's argument. The Court agrees with Defendant that the attached exhibits are appropriately considered by the Court in disposing of this Motion, and that, in a strictly

non-legal sense, they seemingly contradict the notion that Plaintiffs did not understand the terms of their policy. But this alone does not meet Defendant's burden at this stage of the litigation.

A similar argument may succeed, but only where a defendant argues and demonstrates how the specific provisions of the specific documents speak to the particular elements of each cause of action or otherwise present explanation as to how their argument speaks to the specific legal tradition that accompanies each of Plaintiff's claims. Defendant's argument here, that Plaintiffs "premise all claims" on allegations that are negated by attached exhibits, does not adequately identify which parts of which exhibits effectively negate Plaintiff's allegations, nor point the Court toward which allegations that presumably would otherwise sustain the claims are contradicted by the exhibits.

Defendant seeks to defeat six causes of action under essentially a single theory, without addressing the specific elements of those causes of action (which, again, may include different standards, particularly when it comes to justifiable reliance). Even construing Rule 7(b) liberally, the Court does not see cognizable grounds to grant the Motion under the argument Defendant presently advances. It is not the Court's "role to serve as counsel for any party and ferret out arguments which they have not made." *Hammond v. Gourley*, No. 1:25-CV-723, 2026 WL 1908476, at *6 (M.D. Pa. July 2, 2025) (citing *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011)). "[D]istrict courts cannot concoct . . . arguments neither made nor advanced by the parties." *Fils*, 647 F.3d at 1284. Accordingly, as to these claims, at least insofar as they fall under this argument, the Court will deny the Motion. Defendant may attempt to more clearly outline the arguments as to each cause of action, if appropriate, in the future.

**B. Counts I – Negligence**

Defendant argues that Plaintiffs fail to state a claim for Negligence. Under Pennsylvania law, to establish a claim for Negligence, a plaintiff must show "the existence of a legal duty, a breach of that duty, causation, and damages." *Richardson v. United States*, No. 24-2808, 2025 WL 1275771, at *2 (3d Cir. May 2, 2025), *cert. denied*, 146 S. Ct. 907, 223 L. Ed. 2d 286 (2025) (citing *Martin v. Evans*, 551 Pa. 496, 711 A.2d 458, 461 (Pa.1998)). Defendant asserts an absence of duty.

Under Pennsylvania law, "for ordinary negligence purposes, the relationship between an insurance broker and client is an arm's length relationship." *Wisniski v. Brown & Brown Ins. Co. of PA*, 906 A.2d 571, 579 (Pa.Super.Ct.2006). "An insurance broker is not under an affirmative duty . . . to advise a client regarding the extent of coverage." *Allegrino v. Conway E & S, Inc.*, No. CIV.A. 09-1507, 2010 WL 3943939, at *8 (W.D. Pa. Oct. 6, 2010); *see also Hess v. Allstate Ins. Co.*, 614 F. Supp. 481, 488 (W.D. Pa. 1985), *aff'd*, 804 F.2d 1248 (3d Cir. 1986) (finding that an insurance broker does not have to explain conspicuous and unambiguous policies to an insured); *see also BSD-360, LLC v. Philadelphia Indem. Ins. Co.*, 580 F. Supp. 3d 92, 112 (E.D. Pa. 2022) ("[B]rokers are [not] obligated to explain clearly worded and unambiguous policy language to the insured.").

However, "an insurance broker has a duty to affirmatively notify an insured that the policy issued by the insurer does not contain the same coverage provisions that were requested by the insured." *White Pine Ins. Co. v. Chase's Auto Salvage LLC*, No. 2:23-CV-01707-CB, 2025 WL 2662844, at *1 (W.D. Pa. Sept. 17, 2025) (quoting *Alvord-Polk, Inc. v. Strickler Agency, Inc.*, 2025 WL 1202017, at *3 (Pa. Super. Apr. 24, 2025)). When the prospective insured has a reasonable expectation of certain coverage, that reasonable expectation is not negated simply by sending "the

insured a policy which does not contain the bargained-for provisions." *Matcon Diamond, Inc. v. Penn Nat. Ins. Co.*, 2003 PA Super 22, 815 A.2d 1109 (2003) (citing *Tonkovic v. State Farm Mut. Ins. Co.*, 513 Pa. 445, 521 A.2d 920, 925 (1987)).

Here, the Complaint indicates that Defendant represented that the coverage would remain of the "same quality" and that Plaintiffs relied on this representation when electing to switch policies. The Complaint later says that Defendant represented to Plaintiffs that they "would have the same coverage that they previously enjoyed under AAA." The reasonable expectations of the insured is the "focal point" for courts to consider when evaluating the terms of an insurance transaction. Being told that coverage will be the same makes the expectation that the coverage will be the same reasonable.

Accordingly, the Court finds that the Complaint properly alleges facts showing that Defendant owed Plaintiffs a duty. Because Defendant does not argue as to the other elements of Negligence, as to the Negligence claim, the Court will deny the Motion.

**C. Count V – Negligence per se**

Defendant argues that the Court should dismiss the Negligence per se claim because under Pennsylvania law, Negligence per se is not a freestanding tort. The Court agrees, and Plaintiffs have dropped the issue in their subsequent briefing, seemingly conceding the point.

"Under Pennsylvania law, negligence per se is not a free-standing tort." *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 346 (E.D. Pa. 2022). "Where a plaintiff alleges negligence and negligence per se as separate causes of action, courts within the Third Circuit routinely dismiss the negligence per se claim as subsumed within the standard negligence claim." *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 531 (M.D. Pa. 2021).

Accordingly, as to the Negligence per se claim, the Court will grant the Motion and dismiss the claim with prejudice.

**D. Count IV – Bad Faith**

Defendant argues that Plaintiffs fail to state a claim for Bad Faith because under Pennsylvania law, a bad faith claim can only be brought against an insurer and cannot be brought against a non-insurer. Moreover, a bad faith claim cannot be brought for purported bad faith in the solicitation of the purchase of a policy.

Pennsylvania law establishes a cause of action on insurance policies "if the court finds that the insurer has acted in bad faith towards the insured." 42 Pa. C.S.A. § 8371. To state a Bad Faith claim, a Plaintiff must allege that "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994), appeal denied, 540 Pa. 641, 659 A.2d 560 (1995)).

A Bad Faith claim is, therefore, a claim respecting the discharge of an insurance company's obligations under a policy, not a claim respecting the practices used to entice an insured to purchase a policy. *See, e.g.*, *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 (3d Cir. 2014) ("Here, because [the plaintiff's] allegations concern the sale of policies that allegedly provided illusory coverage, and not [the defendant's] actions in discharging its obligations under those policies, [the plaintiff] is not entitled to relief under section 8371.").

Plaintiffs bring this claim against Defendant, a non-insurer, for her alleged actions during the process of selling them insurance, not against an insurer for an alleged breach of the coverage

to which they believe they are entitled. Accordingly, Plaintiffs have failed to state a claim for Bad Faith, and as to this claim the Court will grant the Motion.

**E. Count VII - PUTPCPL**

Defendant argues that Plaintiffs fail to state a claim under the CPL because they fail to properly allege that Defendant engaged in a deceptive act.

To state a claim under the CPL, a plaintiff must show (1) a deceptive act by the defendant, (2) reliance on the deception, and (3) that as a result of the justifiable reliance the plaintiff sustained an ascertainable loss. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217 (3d Cir. 2008), *as amended* (Nov. 6, 2008).

Defendant argues that although Plaintiffs allege that Defendant made misrepresentations, they have not shown that such misrepresentations were made knowingly or recklessly. Defendant posits that "under the [sic] Pennsylvania's Unfair Trade Practices and Consumer Protection Law where [the] 'plaintiff fails to allege or present any evidence that [the defendant] ever knowingly engaged in misrepresentation,'" a defendant cannot be held liable. ECF No. 23 at 18 (quoting *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 498 (3d Cir. 2013)).

However, in the *Belmont* cases quoted by Defendant, decided in 2013, the Third Circuit Court noted that "[i]n the wake of an amendment to the CPL in 1996 that expanded the catch-all provision to cover 'deceptive' as well as fraudulent conduct, 'Pennsylvania law regarding the standard of liability under the CPL catchall is in flux." *Belmont*, 708 F.3d at 498 (quoting *BeFazio v. Guardian Life Ins. Co.*, 62 A.3d 396, at 406 (Pa.Super.Ct. Dec. 12, 2012) (internal quotation marks omitted)). Since then, the Pennsylvania Supreme Court has provided some clarity on the liability standard. In *Gregg v. Ameriprise Fin., Inc.*, the court found that the statute "required neither carelessness nor intent when a cause of action is premised upon deceptive conduct." 664

Pa. 567, 245 A.3d 637, 649 (2021). "Without a state of mind requirement, the amended catch-all provision fairly may be characterized as a strict liability offense." *Id.*

Accordingly, Defendant's argument to dismiss the CPL claim fails. As such, as to the CPL claim, the Court will deny the Motion.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss will be denied in part and granted in part.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 23, 2026

cc: All counsel of record